1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   PORTAL FRANCISCO MISAEL,                )   No. C 14-03445 BLF (PR)
                                            )
12            Petitioner,                    )   **ORDER DENYING MOTION TO**
                                            )   **DISMISS; TRANSFERRING ACTION**
13        v.                                 )
                                            )
14                                           )
     ERIC HOLDER, et al.,                    )
15                                           )
              Respondents.                   )
16                                           )
     _____     )   (Docket No. 18)
17

18        Petitioner, an alien detainee being held by U.S. Immigration and Customs

19   Enforcement ("ICE"), filed a *pro se* petition for a writ of habeas corpus pursuant to 28

20   U.S.C. § 2241, challenging his detention.[1]  Respondents have filed a motion to dismiss

21   the petition for lack of jurisdiction, failure to name a proper respondent, and failure to

22   exhaust judicial and administrative remedies prior to filing suit.  (Docket No. 18, "Mot."

23   hereafter.)  Petitioner filed an opposition, and Respondents filed a reply.[2]  For the reasons

24   _____

25   [1]This matter was reassigned to this Court on November 13, 2014, after Respondents
26   declined magistrate judge jurisdiction.  (*See* Docket Nos. 9 & 13.)

27   [2]Thereafter, Petitioner filed another responsive pleading, (Docket No. 21), which will
28   not be taken into consideration as the motion became submitted upon the filing of
     Respondent's reply.

Order Denying Motion to Dismiss; Transferring Action
P:\PRO-SE\BLF\HC.14\03445Misael_deny-mtd.transfer.wpd

1   discussed below, the Court will transfer this matter to the proper venue.[3]

2

3                                   **BACKGROUND**

4          The following facts are undisputed. Petitioner entered the United States without

5   permission in November 2007, (Pet. at 11), and was convicted of driving without a

6   license on August 30, 2010. (Mot. at 2.)  On or about September 2, 2010, the Department

7   of Homeland Security initiated removal proceedings, and Petitioner entered ICE custody.

8   (*Id.*)  On November 4, 2011, following prehearing proceedings, an immigration judge

9   ordered Petitioner removed to El Salvador. (*Id.*)  Petitioner successfully appealed, and

10  the Board of Immigration Appeals remanded the matter to the immigration judge. (*Id.*)

11  On June 3, 2013, the judge again ordered Petitioner removed. (*Id.*)  When Petitioner

12  appealed again, the Board dismissed the appeal and upheld the removal order on

13  November 6, 2013. (*Id.*)  On November 14, 2014, Petitioner filed a petition for review of

14  the final removal order before the United States Court of Appeals for the Ninth Circuit.

15  (*Id.* at 3.)  On April 9, 2014, the appellate court granted Petitioner's motion for a stay of

16  removal pending adjudication of the review petition, which remains pending. (*Id.*)

17         On August 21, 2013, while his second Board appeal was pending, Petitioner was

18  transferred to the Etowah County Detention Center in Gadsden, Alabama, where he

19  remains today.  The Warden of the facility is Chief Deputy of Detention Dr. Scott Hassell,

20  an Etowah County employee. (*Id.*)

21         Petitioner challenged his detention before ICE, which denied his request for

22  release under an order of supervision on May 14, 2014. (*Id.*)  Petitioner asked an

23  immigration judge to redetermine custody, and on October 21, 2014, the judge denied the

24  request for release, finding that there was no evidence that removal was not likely to

25  occur in the reasonably foreseeable future. (*Id.*)  Petitioner did not initially appeal the

26

27  ───────────────

28  [3]The Court leaves the issue of exhaustion to be decided by the court with proper
    jurisdiction over this matter.

1  judge's bond denial to the Board.  Rather, Petitioner filed a habeas petition in the U.S.

2  District Court for the Northern District of Alabama, which denied the petition on July 25,

3  2014.  (*Id.*)  Thereafter, Petitioner appealed the denial to the Board, which affirmed the

4  immigration judge's denial of a custody redetermination.  (Reply at 3.)

5       Petitioner filed the instant petition on July 30, 2014.  Petitioner requests that this

6  Court order the immigration judge to conduct a bond hearing or release him on

7  supervision.  (Pet. at 2.)

8

9                          **DISCUSSION**

10 **A.    Jurisdiction and Venue**

11      Petitioner asserts that venue is proper in this Court because his removal hearing

12 was conducted at the U.S. Department of Justice Immigration Court located in San

13 Francisco, California, and if his case was remanded, it would also be conducted at the

14 same location.  (Pet. at 3.)  Respondent moves to dismiss the petition for lack of

15 jurisdiction.  (Mot. at 4-5.)  Respondent also argues that Petitioner failed to name the

16 proper respondent, *i.e.*, Petitioner's immediate custodian, the Warden of Etowah County

17 Detention Center.  (*Id.* at 5-6.)

18      Section 2241 is the proper basis for a habeas petition by a state prisoner who is not

19 held "pursuant to the judgment of a State court," 28 U.S.C. § 2254, for instance a pre-trial

20 detainee, a prisoner awaiting extradition, or a prisoner whose conviction has been

21 reversed on appeal.  *See Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007) (pre-

22 trial double jeopardy challenge); *Stow v. Murashige*, 389 F.3d 880, 885-88 (9th Cir. 2004)

23 (conviction reversed on appeal); *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004),

24 *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010)

25 (en banc) (listing "awaiting extradition" and pretrial detention as examples of when §

26 2241 applies).  In Petitioner's case, failure to afford a bond hearing to an alien on

27 prolonged detention may be grounds for habeas relief under 28 U.S.C. § 2241.  *See*

28 *Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 n.3 (9th Cir. 2010) (noting that at bond

1  hearing government bears the burden of establishing that the alien is a flight risk or a
2  danger to the community).

3      Section 2241 allows "the Supreme Court, any justice thereof, the district courts
4  and any circuit judge" to grant writs of habeas corpus "within their respective
5  jurisdictions." 28 U.S.C. § 2241(a).  The Court held that in cases challenging present
6  physical custody, "jurisdiction over the custodian" means that the custodian is within the
7  territorial jurisdiction of the court.  *Rumsfeld v. Padilla*, 542 U.S. 426, 444 (2004).  The
8  Court has interpreted the "within their respective jurisdictions" language of § 2241 to
9  mean nothing more than that the court issuing the writ must have jurisdiction over the
10  custodian.  *Id.* at 440-42.  As to challenges under § 2241 to present physical confinement,
11  this is not synonymous with any district in which the respondent is amenable to service of
12  process.  *Id.* at 442-44.  "[F]or core habeas petitions challenging present physical
13  confinement, jurisdiction lies in only one district: the district of confinement."  *Id.* at 442-
14  43.

15      Where a petitioner is incarcerated in one state and files a § 2241 petition in a
16  federal district court in another state, therefore, the federal district court lacks jurisdiction
17  over his custodian to effect process or enforce its orders and must accordingly transfer or
18  dismiss the petition.  *See, e.g., Hassain v. Johnson*, 790 F.2d 1420, 1420 (9th Cir. 1986)
19  (no jurisdiction in California to address petition where inmate incarcerated in Arizona),
20  *cert. denied*, 479 U.S. 1038 (1987); *United States v. Giddings*, 740 F.2d 770, 771 (9th Cir.
21  1984) (no jurisdiction in Washington to address petition where inmate incarcerated in
22  Kansas).  Such is the case here, where Petitioner is being detained in Alabama and has
23  filed a § 2241 petition in this Court, sitting in California.  This Court, therefore, lacks
24  jurisdiction over Petitioner's custodian, *i.e.*, the Warden of Etowah County Detention
25  Center in Gadsden, Alabama, and cannot effect process or enforce its orders.  *Id.*
26  Petitioner's argument that further immigration proceedings, if ordered, would take place
27  in San Francisco, making this Court the proper venue is unpersuasive because the Court
28  would still have to order the Warden to release Petitioner to appear at such proceedings.

1    Petitioner also argues that a bond hearing, if ordered, would take place at San

2    Joaquin County under traditional venue considerations. (Pet. at 7-8.) However, San

3    Joaquin County does not lie within this Court's jurisdiction but rather in the Eastern

4    District of California. *See* 28 U.S.C. § 84(b). Accordingly, this argument is unavailing.

5    With respect to Petitioner's failure to name the proper respondent, Plaintiff

6    appears to concede that he originally named the incorrect respondent as he attempts to

7    rectify this error in his opposition, wherein he names the Warden of Etowah County

8    Detention Center as respondent. (Opp. at 1-2; Docket No. 19.) This result is consistent

9    with *Padilla*, wherein the Court stated that "there is generally only one proper respondent

10   to a given petitioner's habeas petition," *id.* at 2717, and that in habeas challenges to

11   present confinement, "the default rule is that the proper respondent is the warden of the

12   facility where the prisoner is being held, not the Attorney General or some other remote

13   supervisory official," *id.* at 2718. However, naming the proper respondent still does not

14   vest this Court with jurisdiction over the Warden for the reasons discussed above. *See*

15   *supra.*

16   Rather than dismissal, transfer of a petition to another district court may be in

17   order on grounds of convenience. *See Braden v. 30th Judicial Circuit Court*, 410 U.S.

18   484, 499 n.15 (1973); *McCoy v. United States Bd. of Parole*, 537 F.2d 962, 966 (8th Cir.

19   1976); *United States ex rel. Meadows v. New York*, 426 F.2d 1176, 1183 n.9 (2d Cir.

20   1970), *cert. denied*, 401 U.S. 941 (1971). Federal courts generally take the position that

21   the district of confinement "is normally the forum most convenient to the parties,"

22   *McCoy*, 537 F.2d at 966, and therefore exercise discretion in transferring petitions to the

23   district of confinement "in the interests of justice" pursuant 28 U.S.C. § 1404(a). *See id.*;

24   *see also Dunne v. Henman*, 875 F.2d 244, 249-50 (9th Cir. 1989) (suggesting that even

25   where district court has personal jurisdiction over custodian, preferred forum is district

26   where petitioner is confined). Here, the district of confinement is the U.S. District Court

27   for the Northern District of Alabama, Middle Division. 28 U.S.C. § 81(a)(6). Even

28   though transferring the matter may be futile for Petitioner since the district court already

1  denied his previous habeas petition, *see supra* at 2-3, Petitioner is entitled to an

2  opportunity to pursue the claims presented in this action in the proper venue.

3  Accordingly, the Court will transfer this matter in the interest of justice.  *See* 28 U.S.C. §

4  1404(a).

5

6                                    **CONCLUSION**

7          For the foregoing reasons, Respondent's motion to dismiss the petition, (Docket

8  No. 18), is **DENIED**.  Rather, this action is **TRANSFERRED** to the United States

9  District Court for the Northern District of Alabama, Middle Division.  *See* 28 U.S.C. §

10  1404(a).

11          This order terminates Docket No. 18.

12          **IT IS SO ORDERED.**

13

14  DATED: _August 5, 2015_                    _____

15                                             BETH LABSON FREEMAN
                                               United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28